Civil Action No. 4:17-CV-03549

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

---

ELIZABETH THOMAS,
*Debtor - Appellant*,

v.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION,
MCCARTHY & HOLTHUS, LLP, BARRETT, DAFFIN, FRAPPIER, TURNER
& ENGEL, LLP, and CODILIS & STAWIARSKI, P.C.;
*Appellees*.

---

On Appeal from the United States Bankruptcy Court
For the Southern District of Texas, Houston Division;
Bankruptcy Case No. 10-40785

---

### APPELLEE CODILIS & STAWIARSKI P.C.'S BRIEF

---

Mark D. Hopkins
Texas State Bar No.: 00793975
Shelley L. Hopkins
Texas State Bar No.: 24036497
HOPKINS LAW, PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
Telephone: (512) 600-4320
Facsimile: (512) 600-4326
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

**ATTORNEYS FOR CODILIS & STAWIARKSI, P.C.**

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

The undersigned counsel of record certifies that the following listed persons

and entities have an interest in the outcome of this case.

1. Elizabeth Thomas - Appellant;

2. JPMorgan Chase Bank, National Association - Appellee, is a wholly-owned subsidiary of JPMorgan Chase & Co, which is a publically traded company;

3. McCarthy & Holthus, LLP- Appellee, a limited liability partnership;

4. Barrett, Daffin, Frappier, Turner & Engel LLP- Appellee, a limited liability partnership;

5. Codilis & Stawiarski P.C. - Appellee, a professional corporation.


*/s/ Mark D. Hopkins*
Mark D. Hopkins

COUNSEL FOR APPELLEE
CODILIS & STAWIARSKI P.C.

## <u>RECOMMENDATION ON ORAL ARGUMENT</u>

Appellee Codilis & Stawiarski, P.C. suggests that the issues presented can be determined upon the record and that oral argument would not benefit the court. The parties' positions are clear and the record uncomplicated. If, however, the Court determines oral argument would be helpful, Appellee requests that it be permitted to participate equally in oral argument with Appellant.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES ........................................................ ii

RECOMMENDATION ON ORAL ARGUMENT ................................................. iii

TABLE OF CONTENTS ....................................................................................... iv

INDEX OF AUTHORITIES ................................................................................... v

STATEMENT OF JURISDICTION ........................................................................ 1

STATEMENT OF THE ISSUES ............................................................................. 2

STATEMENT OF THE CASE ................................................................................. 3

STANDARD OF REVIEW ...................................................................................... 7

SUMMARY OF THE ARGUMENT ....................................................................... 7

ARGUMENTS AND AUTHORITIES .................................................................... 9

ISSUE NO. 1:   DID CODILIS & STAWIARSKI, P.C. HAVE STANDING TO APPEAR BEFORE THE BANKRUPTCY COURT TO CONTEST THE MOTION FOR CONTEMPT FILED AGAINST IT? .............................................. 9

ISSUE NO. 2:   DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTEMPT, GIVEN THAT THE ACTIONS COMPLAINED OF BY APPELLANT ARE PERMISSABLE UNDER BLACK LETTER LAW? ....................................................................................... 12

ISSUE NO. 3:   DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION TO REOPEN GIVEN THAT THE BASIS OF APPELLANT'S MOTION TO REOPEN WAS DETERMINED TO BE WITHOUT MERIT? ................................................................................................ 17

CONCLUSION AND PRAYER ............................................................................ 18

# INDEX OF AUTHORITIES

## CASES                                                    PAGE(S)

*American Airlines, Inc. v. Allied Pilots Ass'n,*
  228 F.3d 574 (5th Cir. 2000) ................................................................. 13

*Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.,*
  321 B.R. 147, 158 (D.N.J. 2005) ........................................................... 11

*Bibolotti v. American Home Mortgage Servicing, Inc.,*
  2013 WL 2147949 (E.D. Tex. 2013) .............................................. 14, 15

*Crowe v. Smith,*
  151 F.3d 217, 226 (5th Cir.1998) ......................................................... 13

*Horizon Aviation of Virginia, Inc. v. Alexander* (*In re Alexander*),
  296 B.R. 380, 382 (E.D.Va.2003) ........................................................ 17

*In re Amatex Corp.,*
  755 F.2d 1034, 1042 (3d Cir. 1985) ..................................................... 11

*In re Bell Family Tr.,*
  575 F. App'x 229, 232 (5th Cir. 2014) ................................................... 7

*In re Berman-Smith,*
  737 F.3d 997, 1003 (5th Cir. 2013) ................................................. 1, 17

*In re Black,*
  2015 WL 363495, at *7 (S.D. Tex. Jan. 27, 2015) ................................. 7

*In re BNP Petroleum Corp.,*
  642 F. App'x 429 (5th Cir. 2016) ........................................................... 7

*In re Canellas,*
  2010 WL 571808, *4 (Bankr. M.D. Fla. 2010) ................................... 16

*In re Cook,*
  457 F.3d 561, 567 (6th Cir. 2006) ....................................................... 16

*In re Crescent Res., L.L.C.,*
   496 F. App'x 421, 424 (5th Cir. 2012) ................................................................. 1

*In re Faden,*
   96 F.3d 792, 796 (5th Cir.1996) ........................................................................ 7

*In re Locklair,*
   2006 WL 1491440 (Bankr. M.D.N.C. 2006) ..................................................... 18

*In re Madaj,*
   149 F.3d 468 (6th Cir. 1998) ............................................................................ 7

*In re Mullin,*
   433 B.R. 1, 16-17 (Bankr. S.D. Tex. 2010)........................................................ 16

*In re Oliver,*
   333 U.S. 257, 275, (1948) .................................................................................. 10

*In re Parson,*
   2007 WL 3306678 (Bankr.E.D.Va.2007) at *7.................................................. 17

*In re Reuss,*
   2011 WL 1522333, at *2 (Bankr. W.D. Mich. April 12, 2011) .......................... 15

*In re Schinabeck,*
   2014 WL 5325781 (Bankr. E.D. Tex. 2014)...................................................... 16

*In re Staffer,*
   306 F.3d 967 (9th Cir. 2002) .............................................................................. 7

*In re Torrez,*
   132 B.R. 924, 934 (Bankr.E.D.Ca.1991)............................................................ 11

*Johnson v. Home State Bank,*
   501 U.S. 78, 84 (1991) ....................................................................................... 14

*Kapila v. Atlantic Mortgage & Investment Corp.,*
   184 F.3d 1335, 1337 (11th Cir. 1999) ................................................................ 16

*Martin v. Trinity Indus., Inc.,*
   959 F.2d 45, 47 (5th Cir. 1992) ........................................................................ 13

*Palmer v. Wells Fargo, N.A.,*
   2011 WL 5838365, at *2–3 (E.D. Calif. Nov. 21, 2011) ................................... 15

*Reid v. Richardson,*
   304 F.2d 351, 355 (4th Cir. 1962) ....................................................................... 17

*Taylor v. Charter Medical Corp.,*
   162 F.3d 827 (5th Cir. 1998) ............................................................................... 12

*Test Masters Educational Services, Inc. v. Robin Singh Educational Services, Inc.,*
   799 F.3d 437 (5th Cir. 2015) ............................................................................. 10

*TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.),*
   764 F.3d 512, 519 (5th Cir.2014) .......................................................................... 7

*Waste Management of Washington, Inc. v. Kattler,*
   776 F.3d 336 (5th Cir. 2015) ............................................................................. 10

## STATUTES

11 U.S.C. §350(b) ..................................................................................................... 17

11 U.S.C. §524(a)(2) ................................................................................................. 14

11 U.S.C. §524(j) ...................................................................................... 5, 8, 14, 15, 16

28 U.S.C. §158 ............................................................................................................ 1

## RULES

Fed. R. Evid. 201(b) .................................................................................................. 12

Fed. R. Evid. 201(c) .................................................................................................. 12

## <u>STATEMENT OF JURISDICTION</u>

Appellant appeals three separate orders: (1) the denial of her Motion to Reopen, (2) the denial of her Motion for Contempt, and (3) the denial of her Motion to Alter or Amend.   This Court only has jurisdiction over the third order, that being the denial of Appellant's Motion to Alter or Amend.

<u>Untimely Appeal of Orders 1 and 2.</u>  Appellant admits that the bankruptcy court's orders denying her motions to reopen and for contempt were entered on August 22, 2017.  *Appellant's Brief,* [Doc. No. 12, at pp. 1, 5-6].  Bankruptcy Rules 8002(a) and 8002(b)(2) require filing a notice of appeal or motion to alter or amend within fourteen days of the date of entry of the challenged order.  Appellant did not file her motion to alter or amend until twenty days later, that date being September 11, 2017.  An untimely motion to alter or extend does not toll the time for filing a notice of appeal. *In re Crescent Res., L.L.C.*, 496 F. App'x 421, 424 (5th Cir. 2012).  Failure to timely file a notice of appeal deprives the district court of jurisdiction of the appeal.  *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013).

<u>Timely Appeal of Order 3</u>.  Appellee agrees with Appellant that this Court has jurisdiction over the appeal of Order 3 pursuant to 28 U.S.C. §158.  *See, In re Crescent Resource, L.L.C.,* 496 Fed. Appx. 421, 424 (5th Cir.)(jurisdiction of appellate court over appeal of denial of untimely motion to alter or amend).

1

## <u>STATEMENT OF THE ISSUES</u>

**<u>ISSUE NO. 1:</u>** **DID CODILIS & STAWIARSKI, P.C. HAVE STANDING TO APPEAR BEFORE THE BANKRUPTCY COURT TO CONTEST THE MOTION FOR CONTEMPT FILED AGAINST IT?**

**<u>ISSUE NO. 2:</u>** **DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTEMPT, GIVEN THAT THE ACTIONS COMPLAINED OF BY APPELLANT ARE PERMISSABLE UNDER BLACK LETTER LAW?**

**<u>ISSUE NO. 3:</u>** **DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION TO REOPEN GIVEN THAT THE BASIS OF APPELLANT'S MOTION TO REOPEN WAS DETERMINED TO BE WITHOUT MERIT?**

## STATEMENT OF THE CASE

**A.**     **Course of Proceedings and Disposition in the Court Below.**

Bankruptcy Case.   Appellee JPMorgan Chase Bank, National Association

("Chase") holds a deed of trust lien against Appellant's Property.   ROA.24.[1]

Appellant's Chapter 7 bankruptcy was initiated on December 3, 2010, and

thereafter deemed a no asset case by the Trustee on January 26, 2011.  ROA.55.

The Bankruptcy Court entered a Chapter 7 Discharge Order (ROA.55) and Final

Decree closing the Bankruptcy Case on March 1, 2011.  Bankruptcy Case Dkt. No.

40.

Four Prior Motions to Reopen and Eight Other Lawsuits filed by Appellant.

Not including the present action, Appellant has sought to reopen the Bankruptcy

Case four times to pursue claims associated with her mortgage loan, and/or claims

against the law firms who have assisted Chase with the foreclosure process.  Each

of the various efforts to reopen have either been denied by the Bankruptcy Court or

Appellant has withdrawn her request.  Bankruptcy Case Dkt. Nos. 48, 50, 54, 59,

61, 88, 90 and 96.  Appellant has also filed at least eight separate lawsuits seeking

to have Chase's deed of trust lien extinguished and/or pursue claims against the

---

[1] As the Court found in its January 25, 2018 Order, all matters filed in the underlying Bankruptcy Case can be considered in connection with this appeal.  However, not all such matters were included in the official Record on Appeal at Docket No. 5 ("ROA"). As such, Appellee Codilis & Stawiarski will refer to the ROA when a matter is included therein, but otherwise where such matter was not so included will refer to the Docket No. for the document as found in the Bankruptcy Case.

law firms that have provided assistance to Chase, including Appellee Codilis & Stawiarski, P.C.[2]

Appellants Fifth (and present) Motion to Reopen.  Appellant seeks to reopen her Bankruptcy Case in order to bring contempt claims against Codilis & Stawiarski and the other appellees.  The basis of the contempt claims hinge on two issues.  First, Appellant seeks to re-litigate whether the assignment of the deed of trust into Chase (during the automatic stay) was done in violation of the automatic stay of Section 362 of the Bankruptcy Code.  ROA. 9 and 24.  The Bankruptcy

---

[2] *In re Elizabeth Thomas,* No. 10-40785-H3-7 (Bankr. S.D. Tex. 2010)(discharged bankruptcy case in which no litigation claims were disclosed);

*Thomas v. Mortg. Elec. Registration Sys., Inc.,* No. 10-cv-4320 (S.D. Tex. 2010)(putative class action voluntarily dismissed while Rule 12(b) motions to dismiss were pending);

*Thomas v. Dolan Media Co.,* Adversary No. 11-03090 (Bankr. S.D. Tex. 2010) (dismissed for lack of jurisdiction);

*Thomas v. JP Morgan Chase, N.A.,* 2012 WL 2872164 (E.D. N.Y. 2012), *aff'd,* 2013 WL 5226415 (2nd Cir. 2013)(determining Appellant lacked standing to bring claims and claims barred due to judicial estoppel);

*Thomas, et al. v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner & Engel, LLP,* No. 2013-46276 (333rd Dist. Ct. Harris Cnty, Texas 2013) (dismissed with prejudice);

*Thomas v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner & Engel, LP, et al,* 4:13-cv-02481 in the Southern District of Texas – Houston Division) (dismissed with prejudice);

*Elizabeth Thomas and Abdelhalim H. Mohd v. J.P. Morgan Chase, N.A., et al,* 4:13-cv-01022 (Southern District of Texas – Houston Division) (dismissed with prejudice).

*Albert Perry, III, et al. v. Meritage Home of Texas, LLC, et al.;* Cause No. 2014-54729; In the 61st Judicial District Court of Harris County, Texas (claimed against Codilis & Stawiarski dismissed with prejudice)

Court determined that an assignment of a lien from one creditor to another is not a violation of the automatic stay. ROA. 861, 3-15.  Second, Appellant seeks to re-litigate whether loan correspondence sent by Codilis & Stawiarski, and the other law firms, was sent in violation of the discharge order.  The complained of correspondence of Codilis & Stawiarski was comprised of a notice regarding foreclosure proceedings and/or correspondence sent to Appellant in response to Appellant's request for information regarding her mortgage.  The communications were each within the category of communications permitted to be sent to a debtor, post-discharge, described by 11 U.S.C. §524(j).  The Bankruptcy Court was not persuaded by Appellant's argument and denied her requested relief.  ROA.863, 19 – 864, 7.

## B.    Statement of Facts.

In October 2007, Appellant purchased a residence located at 8202 Terra Valley Lane, Tomball, Texas 77375 (the "Property").  She financed the purchase through a $239,400.00 purchase money loan evidenced by a Note dated October 17, 2007, the Note being secured by a Deed of Trust (the "Deed of Trust") of the same date.  ROA.737-739; ROA.740 – 755.

Chase became the beneficiary under the Deed of Trust by way of a pre-petition assignment (the "Assignment") executed on November 30, 2010. ROA.24. On December 3, 2010, Appellant filed the no-asset Chapter 7 bankruptcy

case underlying this appeal. Bankruptcy Case Dkt. No. 1. On December 10, 2010, the Harris County Clerk filed for record the pre-petition Assignment under instrument no. 20100524203.  ROA.24.

During the bankruptcy case, Appellant filed an initial and an amended Statement of Intent declaring that she intended to retain the Property.  Bankruptcy Case Dkt. Nos. 10 and 35. The bankruptcy trustee filed his no asset report on January 26, 2011. Bankruptcy Case Dkt. No. 39.  Appellant received a Chapter 7 discharge on March 1, 2011.  The Bankruptcy Court ordered the case closed the same day. Bankruptcy Case Dkt. No. 40.

As mentioned above, Thomas then filed several motions to reopen this Bankruptcy Case in addition to filing multiple lawsuits against various of the appellees.  In connection with this fifth Motion to Reopen, Thomas takes issue with (among other things) informational correspondence sent by Codilis & Stawiarski, the correspondence consisting of requested payoff instructions (ROA.664), requested reinstatement instructions (ROA.668), and a Notice of Acceleration and Notice of Posting & Foreclosure (ROA.671).  The Bankruptcy Court denied Appellant's Motion for Contempt against Codilis & Stawiarski, as the correspondence sent by the law firm did not violate the discharge order. ROA.863, 21 864, 4.

## STANDARD OF REVIEW

A bankruptcy court's order denying a motion to reopen a debtor's bankruptcy case is a final and appealable order. *In re Staffer,* 306 F.3d 967 (9th Cir. 2002). The decision to grant or deny a motion to reopen is committed to the bankruptcy court's sound discretion and is reviewed under an abuse of discretion standard. *In re Bell Family Tr.*, 575 F. App'x 229, 232 (5th Cir. 2014); *In re Faden,* 96 F.3d 792, 796 (5th Cir.1996). Therefore, findings of fact are not set aside unless clearly erroneous and matters of law are reviewed de novo. *See In re Madaj,* 149 F.3d 468 (6th Cir. 1998); *TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.),* 764 F.3d 512, 519 (5th Cir.2014); *In re Black*, 2015 WL 363495, at \*7 (S.D. Tex. Jan. 27, 2015), *aff'd sub nom; In re BNP Petroleum Corp.*, 642 F. App'x 429 (5th Cir. 2016).

## SUMMARY OF THE ARGUMENT

Section 350 of the Bankruptcy Code permits a bankruptcy court to reopen a closed case to administer assets, to accord relief to a debtor, or *for other cause*. Appellant seeks the reopening of her Bankruptcy Case *for other cause,* the *cause* being to afford Appellant the ability to prosecute contempt claims against the appellees.[3]   In short, Appellant asserts that Codilis and Stawiarski's actions in

---

[3] This brief only addresses the allegations of contempt against the law firm of Codilis & Stawiarski, leaving the claims against the other appellees (while similar) to be addressed by each of their respective counsel.

mailing her correspondence in connection with the foreclosure of Chase's Deed of Trust violated the discharge order whereby subjecting Codilis & Stawiarski to contempt of court.

**Standing to Appear.**   Appellant first contends that Codilis & Stawiarski is barred from appearing within the Bankruptcy Case to defend itself and/or otherwise respond to Appellant's Motion to Reopen and Motion for Contempt.  To the contrary, due process affords Codilis & Stawiarski the right to appear and defend itself against Appellant's contempt claims.   Second, and by virtue of seeking relief against Codilis and Stawiarski, the law firm has standing to appear as it is a *party in interest* to the proceedings.

***Res Judicata.***   Appellant asserts that her claims against Codilis & Stawiarski are not barred by the application of res judicata.  While res judicata certainly would be applicable to bar Appellant's repetitive actions, Codilis & Stawiarski elected to take the issue of its conduct being in violation of the discharge order head on. Courts have certainly recognized the propriety of certain post-discharge communications as might be necessary under applicable state law to allow a lienholder to enforce its *in rem* rights.   The correspondence of Codilis & Stawiarski was sent to Appellant in connection with Chase's enforcement of its *in rem* rights in the Property, and as permitted by 11 U.S.C. § 524(j).

**Motion to Reopen.**   Having found baseless Appellant's Motion for Contempt, no reason remained for the Bankruptcy Court to reopen the Bankruptcy Case.   When reopening a case would be futile, the requested relief is routinely denied as exemplified in this case.

## ARGUMENTS AND AUTHORITIES

**ISSUE NO. 1:**    **DID CODILIS & STAWIARSKI, P.C. HAVE STANDING TO APPEAR BEFORE THE BANKRUPTCY COURT TO CONTEST THE MOTION FOR CONTEMPT FILED AGAINST IT?**

Appellant spends considerable energy on her misplaced argument that the law firm of Codilis & Stawiarski was without standing to appear and argue in opposition to Appellant's Motion for Contempt and Motion to Reopen her bankruptcy. *See Appellant's Brief,* at 7.    Appellant's argument is nothing more than her effort to misdirect this court away from the stark reality that Appellant failed to carry her burden of proof at the hearing on her Motion for Contempt and Motion to Reopen.  In fact, but for Codilis & Stawiarski appearing at the hearing, prepared to make legal argument and introduce evidence, the law firm otherwise stood silent in all respects.  The law firm was not tasked with even uttering a word at the hearing after observing Appellant's absolute failure to carry her burden of proof. (ROA. 860-864).

It defies all logic why Appellant would even suggest that the law firm did not have standing to appear in its own defense at the contempt proceeding. Appellant's own Motion for Contempt[4] and Notice of Hearing[5] even *command* the law firm to attend the hearing. (ROA. 006).  As recognized by the United States Supreme Court and the Fifth Circuit, due process requires "that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses."  *In re Oliver,* 333 U.S. 257, 275, (1948); *Waste Management of Washington, Inc. v. Kattler*, 776 F.3d 336 (5th Cir. 2015).

Polar to Appellant's assertion that Codilis & Stawiarski was without standing to appear at the contempt proceeding, due process requires the law firm to have been given a voice at the proceeding.  The question of whether due process was afforded Codilis & Stawiarski at the contempt proceeding is a question of law which this court reviews de novo.  *See, Waste Management of Washington, Inc. v. Kattler,* 776 F.3d 336, 339 (5th Cir. 2015); *Test Masters Educational Services, Inc. v. Robin Singh Educational Services, Inc.*, 799 F.3d 437 (5th Cir. 2015).

---

[4] "YOU MUST ATTEND THE HEARING."  Motion for Contempt, p. 1. (ROA. 006).
[5] "IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING…".  Notice of Hearing, p.1. Bankruptcy Case Dkt No. 115.

After giving Appellant free range to introduce evidence and/or argument in support of her Motion for Contempt, the Bankruptcy Court denied Appellant's requested relief.   Thereafter, and without hearing from the law firm, the Bankruptcy Court properly denied Appellant's Motion to Reopen (apparently concluding that without a valid contempt proceeding, no basis existed for the reopening of the bankruptcy).   In short, and without belaboring the point, the Bankruptcy Court did not commit error in permitting Codilis & Stawiarski the opportunity to be heard at the contempt action brought against the law firm.

Adopting the argument of the other appellee law firms, Codilis & Stawiarski similarly asserts that it had standing to appear within the Motion to Reopen and Motion for Contempt as it was a "Party-in-interest" to those proceedings.   Whether an entity is a party in interest depends on whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation. *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985); *In re Torrez,* 132 B.R. 924, 934 (Bankr.E.D.Ca.1991) (quoting *Public Serv. Co.,* 88 B.R. at 551). Generally speaking, a "sufficient stake" to be considered a party-in-interest can be a pecuniary interest that is directly or adversely affected. *See Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 158 (D.N.J. 2005).   Appellant's efforts at reopening her bankruptcy in order to take action

against Codilis & Stawiarski clearly reflects that Codilis & Stawiarski has a pecuniary interest in the outcome of Appellant's efforts.

**ISSUE NO. 2:** **DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTEMPT, GIVEN THAT THE ACTIONS COMPLAINED OF BY APPELLANT ARE PERMISSABLE UNDER BLACK LETTER LAW?**

In similar fashion to her strawman argument over standing, Appellant seeks to debate whether res judicata was a viable defense for use by Codilis & Stawiarski in opposition to Appellant's Motion for Contempt and Motion to Reopen. However, Appellee Codilis & Stawiarski did not assert res judicata as an affirmative defense to the proceedings.[6] Codilis & Stawiarski determined that the best way to address Appellant's contention that the law firm violated the automatic stay was to simply defend itself at the contempt proceeding. Ultimately, the law firm never even spoke at the contempt proceeding given that the evidence attached to Appellant's own motion, combined with the argument of her counsel, negated Appellant's right of recovery.

---

[6] Codilis & Stawiarski certainly could have asserted res judicata given Appellant's repeated and abusive litigation tactics in multiple separate legal proceedings she brought against Defendants (as referenced by the other appellees herein, such case citations being adopted herein by reference) for which judicial notice is requested by this Court. *See Taylor v. Charter Medical Corp.*, 162 F.3d 827 (5th Cir. 1998); *see* also Fed. R. Evid. 201(b) and 201(c). However, Codilis elected to not give Appellant a platform to debate, without end, the myriad reasons why her other suits failed; Codilis electing instead to take Appellant head on in addressing the baselessness of her claims advanced against the law firm.

It was Appellant's burden to establish the elements of contempt at the hearing.   As provided by the Fifth Circuit, "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n,* 228 F.3d 574 (5th Cir. 2000); *relying on, Martin v. Trinity Indus., Inc.,* 959 F.2d 45, 47 (5th Cir. 1992).   This court is to review the Bankruptcy Court's denial of Appellant's Motion for Contempt under an abuse of discretion standard.   *Id.*   at 46; *Crowe v. Smith,* 151 F.3d 217, 226 (5th Cir.1998).

Appellant asserts that Codilis & Stawiarski should be held in contempt for mailing correspondence to Appellant in connection with Chase's enforcement of its deed of trust lien in the Property.   The correspondence consisted of requested payoff instructions (ROA.664), requested reinstatement instructions (ROA.668), and a Notice of Acceleration and Notice of Posting & Foreclosure (ROA.671). The payoff and reinstatement instructions specifically stated that the letters were being provided for informational purposes only and are not an attempt to collect a debt after discharge.   (ROA.666) and (ROA.669).

As this Court is well aware,

[A] bankruptcy discharge operates as an injunction against the commencement or contribution of an action, the employment of a

> process, or an act to collect, recover or offset … as a personal liability
> of the debtor any debt discharged under section 727.

11 U.S.C. §524(a)(2). However, the bankruptcy discharge (ROA.653) does not

eliminate the existence of Appellant's debt.

> Fundamentally, a discharge merely releases the debtor from personal
> liability on the discharge debt; when a creditor holds a mortgage lien
> or other interest to secure the debt, the creditor's rights in collateral,
> such as foreclosure rights, survive or pass through bankruptcy…
> *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 115
> L.Ed.2d 66 (1991) (liens, unless avoided, pass through bankruptcy
> unaffected). Thus, upon discharge, "it is only a debtor's personal
> obligation to pay the debt that is effectively extinguished; the debt
> itself remains.

*Bibolotti v. American Home Mortgage Servicing, Inc.,* 2013 WL 2147949 (E.D.

Tex. 2013).

Additionally, section 524(j) of the bankruptcy code provides an exception to

the discharge injunction that allows a creditor to still contact a debtor after

discharge. Section 524(j) provides that a creditor may contact a debtor if it is,

> An act by a creditor that is the holder of a secured claim, if:
>
> (1) Such creditor retains a security interest in real property that is the
> principal residence of debtor;
> (2) Such act is in the ordinary course of business between the creditor
> and the debtor; and
> (3) Such act is limited to seeking or obtaining periodic payments
> associated with a valid security interest in lieu of pursuit of in rem
> relief to enforce the lien.

11 U.S.C. § 524(j).

As addressed by the United States District Court for the Eastern District of Texas the above, "exception would allow a secured creditor to remain in contact with a debtor who was living in the real property as his principal residence, send communications in the regular course of business, and explore the possibility of the debtor retaining his principal residence – i.e., collecting payments in lieu of foreclosure." *Bibolotti v. American Home Mortgage Servicing, Inc.,* 2013 WL 2147949 (E.D. Tex. 2013).

In analyzing the exact same type of documents sent to the debtor in *Bibolotti* that were sent by Codilis & Stawiarski in this case the *Bibolotti* court held that the letters fit within the exception of 11 U.S.C. § 524(j) as they merely served as,

> [N]otice to Plaintiff of the amount of default, and the opportunity to cure prior to acceleration, should he desire to do so. Otherwise, the letter informs Plaintiff that Defendants intend to foreclose on the Property. **This letter is permissible under the discharge injunction, and appears to be precisely the type of communication the discharge injunction allows secured creditors to use in order to enforce their rights against a property *in rem*, rather than personally against a debtor.** *See, e.g., In re Reuss,* No. DT–07–05279, 2011 WL 1522333, at *2 (Bankr. W.D. Mich. April 12, 2011); *Palmer v. Wells Fargo, N.A.,* No. CIV S–11–1786–KJM–CMK, 2011 WL 5838365, at *2–3 (E.D. Calif. Nov. 21, 2011) (**notice of default and institution of foreclosure proceedings does not violate the discharge**). Therefore, the Court finds that this is not an act to collect a debt as a personal liability of Plaintiff, and not a violation of the discharge injunction.

*Bibolotti v. American Home Mortgage Servicing, Inc.,* 2013 WL 2147949 (E.D. Tex. 2013)(emp. added).

Courts have certainly recognized the propriety of certain post-discharge communications as might be necessary under applicable state law to allow a lienholder to enforce its *in rem* rights and, generally speaking, "merely maintaining ... a lien against a property, without additional coercive attempts to collect the debt as a personal liability, does not violate the discharge injunction." *In re Schinabeck,* 2014 WL 5325781 (Bankr. E.D. Tex. 2014).[7]

Codilis & Stawiarski's communications to Appellant, post-discharge, are the type of communications that are specifically authorized by 11 U.S. C. 524(j). Given the foregoing, Appellant failed to establish by clear and convincing evidence that the law firm violated the discharge order.  As such, it was not an abuse of discretion for the Bankruptcy Court to deny Appellant's Motion for Contempt.

---

[7] Appellant's counsel even tacitly conceded that the communications sent by the attorney appellees (including Codilis & Stawiarski) would only violate the discharge injunction if Chase's lien interest in the Property were invalid. As Appellant's flawed logic goes, the recording of the assignment of the deed of trust into Chase, after Appellant's original bankruptcy was filed, was done in violation of the bankruptcy stay and therefore ineffective.  (ROA. 861, lines 6-7). Continuing down Appellant's rabbit trail, if the assignment into Chase is defective, then it follows that the actions of Codilis & Stawiarski, post-discharge in assisting to foreclose the deed of trust were in violation of the discharge order. (ROA. 862, lines 12-18).

The bankruptcy court quickly pointed out that an assignment of a lien between two creditors does not violate the automatic stay. (ROA. 861, lines 8-14).  The black letter law relied upon by the bankruptcy court is straightforward.  The post-petition recordation of an assignment of a deed of trust does not violate the automatic stay "because it does not involve a transfer of property of the debtor."   *In re Mullin,* 433 B.R. 1, 16-17 (Bankr. S.D. Tex. 2010) citing *In re Cook,* 457 F.3d 561, 567 (6th Cir. 2006); *Kapila v. Atlantic Mortgage & Investment Corp.,* 184 F.3d 1335, 1337 (11th Cir. 1999); *In re Canellas,* 2010 WL 571808, *4 (Bankr. M.D. Fla. 2010).

**ISSUE NO. 3:**   **DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION TO REOPEN GIVEN THAT THE BASIS OF APPELLANT'S MOTION TO REOPEN WAS DETERMINED TO BE WITHOUT MERIT?**

Section 350 of the Bankruptcy Code allows a bankruptcy court to reopen a closed case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Merely granting a motion to reopen does not afford the parties any substantive relief, but rather provides the opportunity to request further relief. Ordinarily, for a court to grant a motion to reopen, the moving party must demonstrate that there is a compelling cause. *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962); *Horizon Aviation of Virginia, Inc. v. Alexander* (*In re Alexander*), 296 B.R. 380, 382 (E.D.Va.2003). See also *In re Parson*, 2007 WL 3306678 (Bankr.E.D.Va.2007) at *7.

The reason advanced by Appellant for reopening the Bankruptcy Case was so that Appellant could pursue her Motion for Contempt.  Appellant has not timely appealed the order denying her Motion for Contempt and that order is now final for all purposes.  This Court is now without jurisdiction to entertain the denial of Appellant's Motion for Contempt as Appellant's failure to timely file a notice of appeal deprives the district court of jurisdiction of the appeal.  *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) .

Even setting aside the jurisdictional issue identified above and addressing the merits, Appellant's Motion to Reopen was properly denied as there was no compelling cause to reopen the case.   After the Bankruptcy Court properly concluded that Appellant's contempt claims were without merit, there existed no basis or reason for the re-opening of the case.  It is widely recognized that, if reopening the case would be a futile act because the objective cannot be achieved, generally, the case should not be reopened. *In re Locklair*, 2006 WL 1491440 (Bankr. M.D.N.C. 2006).   It would have been clearly futile to reopen this Bankruptcy Case to allow Appellant to bring unmeritorious claims for contempt, when the actions complained of are specifically permitted by statute.  Accordingly, denial of the Motion to Reopen on the basis of futility was within the broad discretion of the Bankruptcy Court, and the sound decision of the Bankruptcy Court should not be disturbed on appeal.

## <u>CONCLUSION AND PRAYER</u>

For the foregoing reasons, Appellee, Codilis & Stawiarski, P.C. respectfully requests the Court affirm the decision of the Bankruptcy Court and the Order Denying the Motion to Alter or Amend, as well as Appellant's Amended Motion to Reopen and Motion for Contempt should the Court determine that it has jurisdiction to consider such motions.

Respectfully Submitted,


**HOPKINS LAW, PLLC**

*/s/ Mark D. Hopkins*
Mark D. Hopkins
State Bar No.:  00793975
Shelley L. Hopkins
State Bar NO. 24036497
Hopkins Law, PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
Telephone:  (512) 600-4320
Facsimile:  (512) 600-4326
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

ATTORNEYS FOR APPELLEE
CODILIS & STAWIARSKI P.C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of February, 2018 a true and correct copy of the foregoing Brief has been filed with the Clerk of the Clerk using the CM/ECF filing system who will forward a copy of same to the following CM/ECF users via the method indicated below:

**VIA CM/RRR #7015 1520 0001 3934 4546**
**And Regular Mail**
Elizabeth Thomas
8202 Terra Valley Lane
Tomball, Texas 77375
Email: Tethomas3@aol.com

**VIA ECF**
Lance Lewis
Quilling Selander Lownds Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

**VIA ECF**
Sammy Hooda
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, Texas 75075

**VIA ECF**
Brian S. Engel
Barrett Daffin Frappier Turner & Engel, LLP
3809 Juniper Trace, Suite 205
Austin, Texas 78738

**VIA ECF**
Lisa L. Cockrell
Codilis Stawiarski PC
650 N Sam Houston Parkway East, Suite 900A
Houston, Texas 77060

*/s/ Mark D. Hopkins*
Mark D. Hopkins