# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| ELIZABETH THOMAS, § | Bankruptcy Case No. 10-40785 | |
|     Debtor. § | | |
| _____ § | | |
| § | | |
| ELIZABETH THOMAS, § | | |
|     Appellant, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. H-17-3549** | |
| § | | |
| JPMORGAN CHASE BANK, N.A., § | | |
| *et al.*, § | | |
|     Appellees. § | | |

## MEMORANDUM AND ORDER

This case is an appeal from the August 21, 2017 denial of Debtor/Appellant Elizabeth Thomas's Motion to Reopen Case and Motion to Show Cause, and the November 1, 2017, Order denying Appellant's Motion to Alter or Amend Judgment, entered by United States Bankruptcy Judge Karen Brown. Appellant filed her Appellant's Opening Brief [Doc. # 12], and Appellees filed their Briefs – JPMorgan Chase Bank, N.A. ("Chase") [Doc. # 17]; Codilis & Stawiarski P.C. ("C&S") [Doc. # 18]; Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") [Doc. # 19]; McCarthy & Holthus, LLP ("M&H") [Doc. # 22]. Appellant replied to each Appellee Brief [Docs. # 23, # 25, # 26, and # 27].

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) to consider the appeal.[1] Having reviewed the full record and applicable legal authorities, the Court **affirms** the Bankruptcy Court's Orders.

I.  **BACKGROUND**

In October 2007, Thomas purchased a residence in Tomball, Texas. In connection with the purchase of the residence, she executed a $239,400.00 Promissory Note to Flagstone Lending Group ("Flagstone") secured by a Deed of Trust, both dated October 17, 2007. Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the Deed of Trust beneficiary as nominee for the lender and the lender's successors and assigns. Chase became the mortgage servicer.

After Thomas defaulted on the loan, Chase initiated foreclosure proceedings and retained Barrett Daffin as its attorneys. On November 30, 2010, MERS assigned

---

[1] The order denying the Motion to Reopen Case and the Motion to Show Cause was entered on the docket on August 22, 2017. Six days later, on August 28, 2017, the Bankruptcy Court Clerk's Office became inaccessible following Hurricane Harvey, and remained inaccessible through Friday, September 8, 2017. *See* Third General Order Concerning Hurricane Harvey, signed September 1, 2017 by Chief United States Bankruptcy Judge David R. Jones. Appellant filed her Motion to Alter or Amend Judgment on September 11, 2017, the first business day after the period of inaccessibility ended. The Motion to Alter or Amend Judgment was denied by Order entered November 1, 2017. On November 8, 2017, Appellant filed a Notice of Appeal from the August 22, 2017 rulings and the November 1, 2017 Order. As a result, the Court has jurisdiction to consider Appellant's appeal from each of the three rulings. *See* FED. R. BANKR. P. 8002(b)(1)(B).

the Deed of Trust to Chase, who then became the Deed of Trust beneficiary.[2]  On December 10, 2010, the Assignment to Chase was recorded in the real property records of the Harris County Clerk's Office.

Meanwhile, on December 3, 2010, Thomas filed a no-asset Chapter 7 bankruptcy case to prevent a foreclosure on the property scheduled for December 7, 2010.  In the Chapter 7 bankruptcy case, Thomas filed an initial and an amended Statement of Intent declaring her intent to retain the property.  Thomas received a Chapter 7 discharge on March 1, 2011, and the bankruptcy case was closed that same day.

On February 24, 2011, Thomas filed an Adversary Case, No. 4:11-3088, against Chase.  In the Adversary Complaint, Thomas complained that the Deed of Trust recorded in Harris County "secures nothing for its alleged holder CHASE HOME FINANCE LLC and, is therefore, a cloud on the title."  *See* Complaint to Determine Secured Status [Doc. # 1 in Adversary Case No. 4:11-3088], ¶ 76.

On May 16, 2011, May 27, 2011, June 3, 2011, and February 24, 2014, February 25, 2014, Thomas filed a Motion to Reopen the Chapter 7 case for a variety of reasons, but never asserted that Chase violated the automatic stay by recording the

---

[2]  Thomas argues that Flagstone was not a valid corporation and, therefore, could not assign the Deed of Trust to Chase.  It was MERS, not Flagstone, who executed the Assignment to Chase.

Assignment. Each motion was either denied by the Bankruptcy Court or withdrawn by Thomas.

On October 21, 2010, Thomas filed a putative class action False Claims Act lawsuit against a number of defendants including Chase and Barrett Daffin. *See* Civil Action No. 4:10-cv-4320. On March 22, 2013, Thomas filed a lawsuit against Chase in the 269th Judicial District Court of Harris County, Texas. The case was removed to the Southern District of Texas and became Civil Action No. 4:13-cv-1022. On August 7, 2013, Thomas filed a lawsuit against Chase, Barrett Daffin, and others in the 61st Judicial District Court on Harris County, Texas. This case was removed to the Southern District of Texas and became Civil Action No. 4:13-cv-2481. Each of these three cases was dismissed, either voluntarily or by Court order.

On August 1, 2017, Thomas filed the subject Motion to Reopen Case in order to pursue a Motion to Show Cause against Appellees. Thomas argued that Chase violated the automatic stay by recording the Assignment after the Chapter 7 bankruptcy case was filed. Thomas argued that the other Appellees violated the discharge order by communicating with her regarding the mortgage on her residence.[3] Following briefing and a hearing on these motions, the Bankruptcy Court denied

---

[3] It is uncontested that there was no violation of the discharge order if the Assignment did not violate the automatic stay.

Thomas's request to have the Chapter 7 case reopened to pursue the contempt proceeding.

Thomas then filed a Motion to Alter or Amend Judgment, arguing that the Bankruptcy Court erred by allowing Appellees to object to the Motion to Reopen Case, and by denying the Motion to Show Cause without reopening the Chapter 7 case. The Bankruptcy Court denied the Motion to Alter or Amend Judgment by written Order entered November 1, 2017.

On November 8, 2017, Thomas filed a Notice of Appeal from the Bankruptcy Court's Orders. Thomas argues that the Bankruptcy Court erred by (1) allowing Appellees to object to the Motion to Reopen Case; (2) failing to apply Fifth Circuit law regarding the automatic stay; and (3) sustaining Appellees' *res judicata* argument. The parties have filed their respective briefs, and the appeal is now ripe for decision.

**II.     STANDARD OF REVIEW**

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *See In re Thaw*, 769 F.3d 566, 368 (5th Cir. 2014); *Matter of Chu*, 679 F. App'x 316, 318 (5th Cir. Feb. 9, 2017). Mixed questions of law and fact are reviewed *de novo*. *See Matter of Cowin*, 864 F.3d 344, 349 (5th Cir. 2017); *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014).

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987) (denial of motion to reconsider); *see also In re Vallecito Gas, LLC*, 771 F.3d 929, 932 (5th Cir. 2014). A bankruptcy court's denial of a motion to reopen a closed proceeding is reviewed for abuse of discretion. *See Matter of Bandi*, 676 F. App'x 290, 291 (5th Cir. 2017) (citing *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991)). "A bankruptcy court abuses its discretion when it applies an improper legal standard or rests its decision on findings of fact that are clearly erroneous." *In re TWL Corp.*, 712 F.3d 886, 891 (5th Cir. 2013).

This Court "may affirm if there are any grounds in the record to support the judgment," even if it is not clear whether those grounds were relied upon by the Bankruptcy Court. *See In re Green Hills Dev. Co., L.L.C.*, 741 F.3d 651, 656 n. 17 (5th Cir. 2014); *In re Scotia Pacific Co., LLC*, 508 F.3d 214, 218-19 (5th Cir. 2007).

### III. **MOTION TO RECONSIDER**

#### A. **Standard for Motion to Reconsider**

In the bankruptcy court, Thomas entitled her motion a "Motion to Amend to Alter or Amend Judgment . . ." but in the text of the motion she clarifies that she is seeking, pursuant to Bankruptcy Rule 9023, "reconsideration" of the Bankruptcy Court's August 22, 2017 denial of her Motion to Reopen and Motion to Show Cause.

"A motion for reconsideration should only be granted in extraordinary circumstances." *In re Goff*, 579 F. App'x 240, 245 (5th Cir. 2014) (citing *ICEE Distribs., Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006)). A motion for reconsideration serves the narrow purpose of allowing a party to bring legal errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

In Issue One in her appeal, Thomas argues that the Bankruptcy Court erred by allowing Appellees to object to the Motion to Reopen Case. Thomas concedes that neither the Bankruptcy Code nor the Bankruptcy Rules address standing to oppose a motion to reopen a case. Thomas argues that objections may be asserted only by a "party in interest." Thomas argues that, generally, a party is a "party in interest" if it has a stake in the outcome.

In this case, Thomas sought to reopen her Chapter 7 bankruptcy case "for the limited purpose to permit the prosecution of the Motion to Show Cause" and to recover damages from Appellees related to alleged violations of the automatic stay and discharge order. Notice of the Motion to Reopen and of the Motion to Show Cause was provided to Appellees. Specifically, counsel for Thomas included a Notice with each motion advising Appellees that the motions sought relief that "may

adversely affect you" and that, if the parties could not reach agreement on the motions, Appellees "must file a response and send a copy to the moving party." Appellees were further advised that they "must attend the hearing on August 21, 2017."

Thomas sought to reopen the case in order to pursue monetary and other relief against Appellees. Through her attorney, Thomas provided Appellees with Notice of the motions, and informed them of their obligation to file a response and to attend the hearing. The Bankruptcy Court did not abuse her discretion by allowing Appellees to file objections to a motion as to which they clearly had a stake in the outcome.

**B.     Motion to Reopen Case**

The Bankruptcy Code allows a bankruptcy court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." *See* 11 U.S.C. § 350(b). The phrase "or for other cause" in § 350(b) is a broad term giving the bankruptcy court discretion to decide whether to reopen a closed case. *See Matter of Dorsey*, 870 F.3d 359, 364 (5th Cir. 2017) (pet. for cert. filed Feb. 16, 2018) (citing *Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991)); *see also In re Rodriguez*, 252 F.3d 435, *2 (5th Cir. Mar. 15, 2001). Whether to reopen a case is an equitable decision that "depends upon the circumstances of the individual case." *See Rodriguez*, 252 F.3d 435 at *2. An important consideration is the timeliness of the

motion to reopen; the greater the time between the closing of the bankruptcy case and the motion to reopen, the "more compelling the cause must be in order for a bankruptcy court to reopen a closed case." *See In re Case*, 937 F.2d at 1018.

In this case, Thomas's Chapter 7 bankruptcy case was closed on March 1, 2011. The Motion to Reopen Case was filed on August 1, 2017, well more than six years later. As a result, Thomas was required to demonstrate compelling cause to reopen the case.

In Issue Two on appeal, Thomas argues that the Bankruptcy Court erred in failing to follow Fifth Circuit precedent regarding the automatic stay. The Bankruptcy Court, however, noted correctly – through her questioning of Thomas's counsel at the hearing – that a post-petition assignment of a perfected deed of trust lien does not violate the automatic stay. *See* Hearing Transcript, p. 4. The Eleventh Circuit has held that "the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy." *Kapila v. Atl. Mortg. & Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999). The Sixth Circuit has similarly held that the bank did not violate the automatic stay when it, as assignee, recorded the assignment of the mortgage interest after the mortgagors filed their bankruptcy petition. *In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006). The Bankruptcy Courts in the Fifth Circuit hold likewise. *See, e.g., In re Mullin*, 433 B.R. 1, 16-17 (Bankr. S.D. Tex. 2010); *In*

*re Hernandez*, 2009 WL 4639645, *6 (Bankr. S.D. Tex. Dec. 7, 2009). Consequently, Bankruptcy Judge Brown did not abuse her discretion when she denied the Motion to Reopen to allow Thomas to assert a violation of the automatic stay based on Chase having recorded a pre-petition assignment of the perfected lien evidenced by the Deed of Trust.

In Issue Three of her appeal, Thomas argues that the Bankruptcy Court erred by sustaining the affirmative defense of *res judicata* when there had not been a prior ruling on the precise issue whether recording the assignment of the Deed of Trust to Chase violated the automatic stay. Thomas notes correctly that she asserted that claim in an Amended Complaint in Civil Action No. 13-cv-1022, but the Amended Complaint was stricken prior to dismissal of the lawsuit. The doctrine of *res judicata*, however, precludes relitigation of claims that were **or could have been** raised in a prior action. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004). The elements of *res judicata* are: (1) the parties in the prior suit and the current suit are identical, (2) a court of competent jurisdiction rendered the prior judgment, (3) the prior judgment was final and on the merits, and (4) the same cause of action is at issue in both suits. *Id.* at 313.

It is undisputed that Thomas and Chase were parties to both Civil Action No. 4:13-cv-1022 and to the Motion to Reopen to assert a Motion to Show Cause. The

prior judgment, which dismissed with prejudice all Thomas's claims, was rendered by a court of competent jurisdiction, was final, and was on the merits. It is clear that the claim regarding the alleged violation of the automatic stay could have been brought in the prior lawsuit because it was actually asserted in the Amended Complaint, which was stricken as untimely. As a result, the Bankruptcy Court did not abuse her discretion is declining to reopen Thomas's Chapter 7 bankruptcy case to allow Thomas to assert claims that were *or could have been* presented in a prior lawsuit.[4]

## V. CONCLUSION AND ORDER

Appellant has failed to demonstrate that the Bankruptcy Court abused her discretion by denying the Motion to Alter or Amend Judgment, or by denying the Motion to Reopen Case in order to file the Motion to Show Cause. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's August 21, 2017 denial of the Motion to Reopen Case and the Motion to Show Case, and the "Order Denying Amended Motion to Reopen" entered November 1, 2017, are **AFFIRMED**. The Court will issue a separate Final Order.

---

[4] At the hearing, the Bankruptcy Court focused on the merits of Thomas's claim that Chase had violated the automatic stay. It is unclear whether the Bankruptcy Court relied on *res judicata* as the basis for denying the Motion to Reopen. Because she admonished Thomas's counsel not to file additional lawsuits "unless you've got an entirely new issue that's never been brought up before," this Court has addressed Thomas's argument as if *res judicata* were a basis for the Bankruptcy Court's ruling.

SIGNED at Houston, Texas, this **8th** day of **March, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE